# CHARLESTON.

## VANCE *vs.* SNYDER, AND OTHERS.

GEORGE VANCE, PLT'F AND APPELLEE, AGAINST HAR-
MAN SNYDER, JOHN SNYDER, J. M. LIGHTNER,
AND S. L. GIBSON, SHERIFF OF POCAHONTAS
COUNTY, DEF'TS AND APPELLANTS.

Decided January 28th, 1873.

## SYLLABUS.

J. S. holds E's bond for $1,218.43, payable on demand, and J. S., be-
ing indebted to S., gives S., an order on E., for $203, and E., ac-
cepts the order on presentation, but does not pay the money at
the time in consequence of some arrangement with S., for forbear-
ance. Afterwards H. S., by some arrangement with his brother J-
S., becomes the owner of said bond; and brings suit thereon
against E., for the amount thereof. H. S., proposed that he would
dismiss the suit if E., would pay the costs, and pay him part of
the debt, and give his bond for the balance—E., thereupon pro-
poses to do as proposed by H. S., if H. S., would allow the amount
of said order, which he had not then paid, but H. S., objected to
allowing the credit for the amount of said order, until the same
should be paid by E. Thereupon H. S., and E., agree that E.,
should make his bond to H. S., for $871, and pay the balance in
money, and the costs of suit, and that as soon thereafter as E.,
should pay the amount of said order, the same should be credited
on said bond. At the time of this agreement E., makes and de-
livers to H. S., his bond for said sum of $871, and pays H. S., the
balance in money, and the costs of suit. Afterwards E., pays

1873.
January
Term.

Vance
v.
Snyder, et als.

said order amounting, including interest, to $400.41, and requests H. S., to credit the same, on said bond. H. S., refuses to give the credit, and afterwards sues E., who is a non-resident of this State, on the law side of the Circuit Court, of Pocahontas county, in this State, for the whole amount of said bond, and sues out of said Court, an attachment against the estate of E., as a non-resident, and causes the same to be levied on a farm of E., in said county—H. S., proceeds in said suit against E., as a non-resident, by publication, and obtains judgment against E., for the amount of said bond including interest, and the costs of suit, and also obtains an order, that unless the amount of said judgment and costs is paid within 30 days, that L., a Special Commissioner, appointed for the purpose, sell said farm to pay said judgment—E., does not appear to said suit, and in fact, has no knowledge of it, until after the end of the term of Court, at which said judgment, and order of sale were made. It is not alleged in the bill that either J. S., or H. S., are insolvent. E., at once applies to the Judge of said Court, by bill in Chancery for an injunction enjoining H. S., from collecting said judgment, and L., Commissioner, from selling said farm under said order of sale, on the ground that he was entitled to have the amount of said order credited on said bond, and that he had made other payments to H. S., on said bond, nearly or quite, satisfying the balance, after deducting the amount of said order—The injunction is granted. Afterwards H. S., files his answer to the bill, and he with other Defendants, demur to the bill. At the hearing of the cause on the demurrers and joinders therein, the Court below overruled the demurrers to the bill, except as to an unnecessary party. HELD,

1. That the amount of said order under the circumstances should be credited on said bond, and that E., on filing his petition in said Circuit Court for a re-hearing in said action at law, should, on proving the said agreement between him and H. S., at the execution of said bond, and the payment of said order, be allowed a credit for the amount of said order, with its proper interest, in said suit at law upon said bond—said agreement not being inconsistent with said bond.

2. That as E., was proceeded against as a non-resident of this State by publication, in said action at law, he has a complete remedy by which to make his said defence against said bond, in said suit at law.

3. That having a complete remedy in this respect, at law, it not being charged in the bill that said bond was procured by fraud or mistake, a Court of Equity should not entertain E.'s said bill, and that the Court below erred, in not sustaining the demurrers, to said bill, and dismissing the same for want of equity.

4. It is not error in a Court of Equity to give a party leave to re-take depositions which the Court upon an exception determines cannot be read for want of sufficient notice, at the term at which it is so determined.

5. That generally, a party who has been proceeded against by publication to judgment or decree against him, must obtain relief if he has defence against the claim, on which the action or proceeding in which the judgment or decree is had, by adopting the remedy prescribed by the statute in such cases.

*Snyder* for Appellants.

A Court of equity has not jurisdiction in this case: *Harrison* vs. *Nettleship*, 2 My. & K. 423; *Smith* vs. *McIver*, 9 Wheat, 532; *Crane & Bunnell*, 10 Paige, 333; *Gould vs. Hayes*, 19 Ala. 438; *Nicholson* vs. *Hancock*, 4 H. & M., 502; *Insurance Co.* vs. *Bailey*, 13 Wallace, 616; *Green*, vs. *Massie*, 21 Grattan 356. The Plaintiff was not entitled to relief either equitable or legal: *Towner* vs. *Luacs*. 13 Grattan 705; *Clark* vs. *Partridge*, 2 Barr, 13; *Lord Irnham* vs. *Child*, 1 Brown Ch. Cas. 92; *Croome* vs. *Ledyard*, 2 My. & K. 251; and various cases given by the American editor in his annotations upon *Woolam*.

*Dennis* for Appellees.

HAYMOND, PRESIDENT.

This is a cause in equity in which an injunction was allowed. The plaintiff, in his bill, alleges that previous to the year 1858, he and one John Snyder had various transactions in cattle; that on the 25th day of August, 1858, they had a settlement, and Plaintiff being indebted to said Snyder, on that day executed to him his bond for $1,218 43, payable on demand; that on the 24th day of November, 1859, Plaintiff paid to said John Snyder $60 00, which he indorsed as a credit on the bond. That on the 5th day of February, 1859, said John Snyder being indebted to Thomas O. Sitlington, gave Sitlington an order on Plaintiff for $263, which was presented to Plaintiff by Sitlington, which Plain-

tiff on presentation accepted, but did not pay the money at that time, Plaintiff not then having the money, and Sitlington agreeing to give him some indulgence. That in March, 1861, Harman Snyder, a brother of John, having got possession of said bond, and claiming the same as his own, brought suit thereon in the Circuit Court of Highland County, Va., on the 26th day of March, 1861, in the name of John Snyder, for his benefit. That on the 2d day of May, 1861, said Harman Snyder proposed to Plaintiff that he would dismiss said suit, if Plaintiff would pay the costs, amounting to $6 37, and pay him part of the money and give his bond for the balance. That Plaintiff then proposed to do as requested, if said Harman would allow the credit of $263 on account for said order, which plaintiff had not then paid, or lifted, but said Harman objected to allowing the credit for said order until the same should be lifted. And thereupon it was agreed between the said Harman and Plaintiff that Plaintiff should execute to said Harman his bond for $871, and pay the balance in money, and the said costs of suit, and as soon as Plaintiff paid said order the amount so paid should be credited on said bond. That on the 28th of October, 1866, Plaintiff paid Sitlington the sum of $400 41, the amount of said order and interest, in satisfaction thereof, the same having been attached in the chancery suit of James W. Wade vs. Thomas O. Sitlington, &c., pending in Highland Circuit Court, and was applied to the payment of a debt due by said Sitlington to said Wade. That said Harmon has refused to allow the credit of $400 41 on said bond, as he promised to do, although often requested, since plaintiff paid the same. That said Harman on the 5th of December, 1870, instituted suit on said bond, in the Circuit Court of Pocahontas county, on the common law side thereof, and at the same time sued out an attachment (Plaintiff being a nonresident of the State of West Virginia), which was lev-

ied on Plaintiff's farm of 841 acres, lying in said Pocahontas county. That at the June term, 1871, of said last named Circuit Court, said Harman obtained a judgment against Plaintiff upon said bond for $977 95 with interest from 14th of June, 1871, and costs, and an order directing a sale of said land, if said judgement should not be paid in 30 days. That Plaintiff had no notice of said proceedings, and only learned of said judgement since the adjournment of said last named Court. That plaintiff is advised that he is entitled to the credit aforesaid on account of said order, in addition to the various other payments he has made, which would leave but a small amount of said debt unpaid. The bill was filed at February Rules, 1872, and at March Rules, same year, Defendant, Harman, filed his answer, denying all the material allegations contained in the bill. At a Circuit Court of said county of Pocahontas held on 11th of March, 1872, there was a decree made in the cause, in which decree it is recited, that the "cause came on to be heard upon the bill and exhibits, and process duly executed, upon the Defendants, and the separate demurrers of the Defendants, except as to John M. Lightner, with joinder by the plaintiff, the answer of Harman Snyder filed at this term of the Court, with general replication thereto and depositions of the Plaintiff, with three exceptions filed thereto, numbered 1, 2 and 3, and was argued by counsel. On consideration whereof, the Court is of opinion, that the said demurrer ought to be overruled, except as to the sheriff, which is sustained, and the bill dismissed as to him; and also said exceptions to the Plaintiff's depositions number 1, and 2, and as to exception 1, it ought to be sustained. Therefore it is adjudged, ordered, and decreed that the said demurrer be overruled, with exception aforesaid, and that said exceptions be overruled, except number 1, which is sustained: and the Court being of opinion that the injunction awarded in this cause ought to be dismissed, so far as the amount of the judgment of the

defendant, Harman Snyder, exceeds the payment, and set-off claimed by the Plaintiff, and the probable costs of this suit: therefore, it is further adjudged, ordered, and decreed that said injunction be dissolved, as to $425, being the amount beyond the said off-set, and probable costs, part of said judgment with interest thereon from the 14th of June, 1871, and leave is given the Plaintiff to retake his depositions." From this decree the appeal in this cause is taken. There was no motion made to dissolve the injunction: nor does there appear to have been, a decree *nisi* or decree *pro confesso* entered at rules. No demurrer to the bill is upon the record, except so far as stated or recited in said decree. Generally a demurrer should be on record, and filed as part thereof, so that the Court can inspect it, and distinguish its character, whether it is general, to the whole bill, or only to part of it. The most liberal construction that can be given to the recitals of said decree is, that the Defendants, therein named filed separate general demurrers to the Plaintiffi's bill, and that the Plaintiff joined therein, and the Court overruled the demurrers, except as to the Sheriff, as to whom they were sustained, and the bill dismissed as to him. There may be some doubt whether under the circumstances the Court in overruling said demurrers, thereby adjudicated the principles of the cause so as to authorize an appeal under the provisions of the first section of Chap. 135 of the Code of West Virginia. Whether an appeal from a decree overruling a demurrer to a bill in a case like this can be taken, depends upon whether the Court in effect in overruling the demurrer adjudicates the principles of the cause. An appeal may be taken from an order, or decree overruling a motion to dissolve an injunction, when the Court by overruling the motion adjudicates the principles of the cause. See case of B. & O. Railroad Co. *vs.* The Citry of Wheeling, 13th Grattan's Reports page 40: And if an appeal may be taken, from an order overruling a motion to disolve an injunction, we are unable

to see, why an appeal may not be taken from a decree of Court overruling a demurrer to a bill, where such decree in effect adjudicates the principles of the cause. The overruling of the demurrers in this cause adjudicates the principles of the cause, so far at least, as to determine that the matters set up in the bill contain sufficient equity, to give the Court jurisdiction, and to authorize the Court to grant relief: But if it is not clear, that the overruling the demurrers in this cause, authorizes an appeal, we are of opinion that the overruling of the demurrers in connection with the residue of the decree which we have recited, does adjudicate the principles of the cause sufficiently to authorize the appeal. The decree in effect when taken together in all its parts, declares the equity of the bill, and that if the Plaintiff establishes the allegations of his bill in relation to the Sitlington order, the payment thereof by him, and the agreement that he was to be credited with the amount thereof, when he paid it, and that he did pay it, in pursuance of said agreement, that the Court will declare such payment a proper credit on said judgment, and perpetuate the injunction to said judgment, and the order of sale, to the amount of said payment and the costs of this suit, in that Court. This cause then is properly before this Court, upon appeal from said decree, for such determination, as to the Court may seem right upon the points, fairly arising upon the record.

The Plaintiff in this cause was proceeded against, in a Court of law, as a non-resident of this State, by suit on said bond. An attachment was sued out in the suit at law, against the estate of the Plaintiff here, and was levied on his farm in the county of Pocahontas. Afterwards such proceedings were had in said suit at law, as that judgment was rendered in said suit, against the Plaintiff, here, for the amount of said bond, and costs, and an order made by the Court, in said suit, to sell the farm levied on, unless said judgment and costs were paid

1873
January
Term.

Vance
v.
Snyder et als.

within 30 days, &c. The Plaintiff in his bill, prays that John M. Lightner who was appointed Commissioner in said suit, to sell said land be inhibited from all further proceedings upon said judgment, and attachment, until further order of the Court, and that Plaintiff may be allowed the said sum of $400.41 as a credit upon said liability, &c. As before stated the Plaintiff is a non-resident of this State, and was proceeded against as such in said suit at law. If said $400.41 is a proper and just payment on said bond, where should the Plaintiff apply to be allowed the benefit of such credit? Has he no remedy on the law side of the Circuit Court of Pocahontas county? If he has a complete remedy by making defence to said suit at law, then he is not entitled to be entertained in a Court of Equity, whose aid and power he has invoked. For the principles governing Courts of Equity in relation to interfering with judgments obtained in Courts of law by injunction, see the syllabus and opinion of the Court in the cases of Slack vs. Wood, 9th Grattan's Reports, 40; Hudson vs. Kline, 9th volume of same reports 379; George vs. Strange's ex'or., 10th volume of same, 499; Meem vs. Rucker, same 506; Allen, Walton & Co., vs. Hamilton, 9th Grattan, page 255, 7th Leigh 157. We are of opinion that if the allegations of Plaintiff's bill are true, in relation to said Sitlington order, the payment thereof by him, and the agreement and promise of Harman Snyder made to him at the execution of said bond, that if he, Plaintiff, paid said order afterwards, when he so paid it, he should be credited for the amount thereof, on the bond, that the payment thereof by the Plaintiff under the circumstances alleged in the bill constitutes a proper legal credit on said bond, and that he should upon proof be allowed a credit therefor in said action at law. This view of the case is not as we think an infringement upon the general rule "that parol evidence cannot be admitted (unless in case of fraud and mistake) to contradict, vary, or add to a valid written instrument," Towner vs. Lucas' executor, 13th Grattan, 705. It cannot be pre-

tended that the verbal agreement, that when said Sit-
lington order should be afterwards paid by Plaintiff, he
should have a credit therefor on the bond, contradicts,
varies, or adds to said bond—The agreement was for
sufficient consideration under the circumstances, and is
not inconsistent with the terms of the bond.

By reference to the 26th and 30th sections of chapter
106 of the code of this State as amended by the Legisla-
ture by an act passed March 3d, 1870, it will be seen
that a remedy is provided, by which the Plaintiff may
make his said defence to said bond in said suit at law.
See sections 26 and 30 code of West Virginia, pages 561
and 749. These sections provide that, "if a defendant
against whom, on publication, judgment or decree has
been or shall hereafter be rendered, in an action or suit,
in which an attachment has been or may be sued out and
levied as provided in this chapter, or his personal repre-
sentative, shall return to or appear openly in this State,
he may, within one year after a copy of such judgment
or decree has been or shall be served upon him, at the
instance of the Plaintiff, or within five years from the
date of such judgment or decree, if he be not so served,
petition the Circuit Court of the county in which such
judgment or decree was rendered, to have the action or
suit and proceedings therein reheard." And, "the De-
fendant, or his personal representative, upon executing
and acknowledging an undertaking, with good security,
to be approved by the Circuit Court in which such ap-
plication or petition for a rehearing is, conditioned to
pay all such costs as have been or may be awarded
against him in the action or suit in which the judgment
or decree was rendered, in case he shall fail to obtain a
judgment or decree therein, shall be permitted to make
such defence in such action or suit, as he might have
made if he had appeared therein before such judgment or
decree was rendered." It has been held, "that in a for-
eign attachment, the absent debtor who has not appeared

1873
January
Term.

Vance
v.
Snyder et als.

in the Court below, cannot appeal." Lenows vs. Lenow 8th, Grattan 349. It has also been held "that an absent defendant against whom a decree has been made, cannot appeal from the decree. That his only remedy is that provided by the statute." Barbee & Co. vs. Pannill &c., 6th Grattan, page 442. In the case of Platt vs. Howland, 10th Leigh, 507, (which was a suit in equity, against an absent defendant in which there was an attachment) Judge Tucker in delivering the opinion of the Court, says: "There is no error in these proceedings of which the defendant can avail himself. Having submitted to a decree against him as an absent defendant, the Statute leaves him but one remedy. That remedy is the right to appear and file his answer and proceed to have the cause reheard, and the decree rescinded, if, after hearing it shall prove to be erroneous." Thus it appears that the statute has not only provided a remedy by which an absent, or non-resident defendant may make defence in such case as that mentioned in the bill, but, it also seems that his proper remedy is to pursue the statute, and the remedy there prescribed. If the Plaintiff's pretensions to be entertained in equity in this case were successful, then Courts of equity would, as we think, without sufficient cause, speedily become flooded with injunctions. In almost every case of proceedings at law against an absent defendant by attachment, where a sale of property, especially real property, was directed, the restraining powers of a Court of equity would be invoked. This state of things was never contemplated or intended by the law. The proper administration of justice in such cases neither requires or demands it, and public policy forbids it. The fact that the Plaintiff's land might be sold under the order of sale made in the suit at law before he could file his petition for a rehearing is no sufficient ground for the interposition of a Court of equity. The Plaintiff may file his petition for rehearing in said suit at law before the land can be sold, and the

sale confirmed by the Court, and in the 21st section of chapter 106 of the Code of West Virginia, among other things it is provided, that "the Court for good cause, may refuse to confirm the sale." We have no doubt the Plaintiff in this cause might, if necessary to prevent the sale of his land under the order of sale made in the case at law, pay the judgment under protest, and in any rehearing or new trial had under the sections of chapter 106 of the Code as amended, to which we have referred, if the judgment should be for the Defendant, in the suit at law, the Court would order the Plaintiff in the original suit to restore any money paid to him under his judgment therein, with proper interest to the Defendant, and would render a judgment against him therefor. See section 33 of chapter 106 of Code of West Virginia. So far as we can see from the bill, if the Plaintiff should pay the whole amount of said bond in said action at law, he can successfully maintain his action at law against John Snyder for money paid to his use, and it does not appear that John Snyder is insolvent. Again (though we do not intend to decide the point, because it is unnecessary), if the Plaintiff is compelled in the proceeding at law, to pay the whole amount of said bond, by reason of the refusal of Harman Snyder to credit the amount of the Sitlington order, upon said bond, in violation of his agreement as stated in the bill, why cannot the Plaintiff in an action at law grounded upon said agreement and the violation thereof by Harman Snyder, recover against him the amount of said Sitlington order, with its proper interest. The agreement, though made at the time the bond was made, is not inconsistent with the bond; Brent *vs.* Richards 2, Grattan, 539. There is no allegation or pretence that Harman Snyder is not solvent and responsible. Fraud in the procurement of said bond or otherwise, is not charged in the bill.

It was not error in the Court below to direct that the Plaintiff might retake the depositions which the Court decided could not be read upon an exception for want of

1873
January
Term.

Vance
vs.
Snyder et als.

sufficient notice. For these reasons and others that might be given, we are of opinion that a Court of equity should not entertain this cause upon the allegations of the bill, and that the decree rendered by the Court below therein, on the 11th day of March, 1872, must be re-reversed with costs to the Appellant incurred in this Court, and it being the duty of this Court in such case to render such decree in the cause as the Court below ought to have rendered, the demurrers in the cause must be sustained, and the injunction awarded in the cause dissolved, but without damages, and the cause be remanded to the Circuit Court of Pocahontas county for further proceedings to be therein had in accordance with this opinion, with leave to the Plaintiff to file an amended bill, if he desires to do so in proper time.

Judges, MOORE and PAULL, concur in the foregoing opinion.