# CHARLESTON.

## WEST *v.* SHAW'S ADM'R.

Submitted January 19, 1889.—Decided February 16, 1889.

BILL OF REVIEW—VENDOR AND VENDEE—PURCHASE-MONEY— TITLE.

A sale is made under a deed of trust of a tract of land situated in Barbour county containing sixteen acres. S. bids in the property, but H., the *cestui que trust*, contends that it was bid in by S. at his (H.'s) request, and paid for with his money. S. transferred his equity acquired by his bid to different parties for valuable consideration but with the express understanding and agreement, that S. should obtain possession of said land and hold it against H. The equity aforesaid being transferred to W., he sued S. for a deed, and S. sued him for the purchase-money. The cases were heard together, and a decree was rendered that W. pay to S. $200.00, the purchase-money for said equity, with interest from April 15, 1856 ; and that S. before receiving the same should procure the legal title to said sixteen acres. H. then brought a suit to establish his title to said sixteen acres, in which he succeeded. said three cases being heard together. S. then waived his right to proceed against the land, but the court allowed him to sue out execution against the property of W. W. then filed a bill, reciting what had been done in the three cases, praying that S. be prevented from enforcing said execution, that the papers in said cases might be looked into, and that general relief might be granted him. HELD :

I. The bill filed by W. under all the circumstances will be treated and considered as a bill of review. (p .199 *et seq.*)

II. The title of S. to the sixteen acres of land in the bill mentioned having proved worthless, it would be inequitable and unjust to enforce a decree against W., his vendee, for the purchase-money. (p. 199 *et seq.*)

III. A decree in favor of S., awarding execution upon a decree against W., which was conditioned upon his (S.'s) obtaining and holding the legal title of a tract of land, will be set aside, when a court of competent jurisdiction has decided the said legal title not to be in S. but in some other person. (p. 199 *et seq.*)

*J. Bassel* and *E. Maxwell* for appellant.

*F. Woods* for appellee.

ENGLISH, JUDGE :

On the 28th day of December, 1845, Thomas Hoffman ex-

ecuted a deed of trust upon thirty six acres of land, which had been conveyed to him on the same day by William Powell and others, situated in Taylor county, then Virginia now West Virginia, to secure to William Powell the payment of $238.00. In this deed of trust one Charles W. Newlon was the trustee, and, default having been made in the payment of the money secured by said trust-deed some time in the year 1848, sixteen acres of said tract of land were sold by said trustee at public auction under said trust, at which sale said land was bid in by one William Shaw for the sum of $106.00. It appears from the record, that Thomas Hoffman from and after the time of said sale claimed, that said William Shaw purchased said sixteen acres of land at his request, and that he paid part of the money to the trustee himself and furnished the residue of the money to said Shaw to enable him to pay for the same.

On the 21st day of November, 1853, an agreement in writing was entered into between said Shaw and one William Powell, whereby said Shaw contracted to sell to said Powell said sixteen acres of land; and in said agreement it was expressly stipulated, that, in case the said Shaw should obtain possession of said land and be able to hold the same against the claim of said Hoffman, said Shaw should convey it by deed of special warranty with relinquishment of dower unto said Powell on or before the 15th of April, 1856. In consideration whereof the said Powell agreed to pay said Shaw the sum of $200.00 at the time of the delivery of such deed. At the date of this agreement said Hoffman seems to have been in possession of said land by his tenant, the said William Powell, who on the same day took a lease from said Shaw for two years commencing on the 15th day of April, 1854, for said tract of land; and on the face of said lease it is stipulated between the said Powell and the said Shaw, that the said Shaw should in no event be held responsible for the sum of $25.00, the cash rent paid for said term, whether the said Powell should be able to obtain or retain possession of said land for or during said term or not. A short time afterwards said West sold said land to said Powell in consideration of $200.00 and transferred the same to William H. Shields who in turn transferred it to one Thomas Newlon;

but no purchase-money seems to have been paid upon any of these transfers.

Out of these proceedings four suits originated, all of which are so intimately connected, that they were eventually heard together. In the first place, in 1856, said Thomas M. West brought a suit against said Shaw to obtain a deed in pursuance of the contract of November 21, 1853. Said Shaw then sued said West for the purchase-money. In 1865 these two suits were brought on and heard together, and a decree was rendered on the 25th day of November in that year in said consolidated cases directing said Thomas M. West to pay to the complainant, William Shaw, the sum of $200.00 with interest thereon from the 15th day of April, 1856, until paid and costs; and said decree further provided, that the said William Shaw before receiving the same should procure from the defendant, Charles W. Newlon, trustee as aforesaid, the legal title to the land in the said bills and proceedings mentioned and should execute and acknowledge for record a deed with covenants of special warranty with his wife's relinquishment of dower therein conveying to the said Thomas M. West the said tract of land and file the same in the papers of the cause. In 1866 said Thomas A. Hoffman brought a chancery suit against said Thomas M. West, William Shaw, William Powell, William H. Shields, Thomas Newlon and Charles W. Newlon, reciting the proceedings, which had been taken in the two first-named cases, and praying that the decree obtained in the cause of Thomas M. West against William Shaw and William Shaw against William Powell might be set aside and be rendered of no effect, and that a decree might be entered compelling the said Charles W. Newlon, trustee as aforesaid, by deed to reconvey said land to plaintiff, and that all conveyances, leases and shifts between the said parties relative to said land be annulled and cancelled.

On the 21st day of September, 1868, the three cases of *Thomas M. West* v. *William Shaw et al.*, *William Shaw* v. *William Powell et al.*, *Thomas Hoffman* v. *William Shaw et al.* were consolidated and heard together; and a decree was therein rendered, in which it was held, that said Hoffman in the last-named suit was entitled to the legal title to the land

named in said causes; and, said title having been. conveyed to and then being in said Thomas M. West, it was decreed that said West do by deed with covenant of special warranty convey said land to said Thomas A. Hoffman, and upon his failure to do so in ten days directing a special commissioner therein named to convey the same to said West; and the said William Shaw by his counsel in court waived the right to obtain satisfaction of the amount decreed to be paid by him by the decree rendered in the case of *Shaw* v. *West et al.* on the 25th day of November, 1865, by resorting to the sale of said land therein decreed to be sold for that purpose,—a waiver and concession, which, it occurs to me, could be very easily and cheaply made by said Shaw, for the reason that the land, which had been decreed to be sold as the property of West did not really belong to said West, but belonged to the plaintiff, Thomas A. Hoffman, and said decree had just directed the legal title to said land to be conferred on Hoffman. Said decree proceeds however: and on motion of said Shaw he has leave to sue out against said Thomas M. West such writ or writs of *fieri facias* as might be necessary to obtain satisfaction of the amount decreed to be paid by said West to said William Shaw by said decree rendered on the 25th day of November, 1865, together with the costs of suing out said executions.

In October, 1869, the said Thomas M. West filed a bill in said court against the administrator of said William Shaw and others, in which he recites a history of the transactions between these parties with reference to said land, setting out briefly, what had been done in said former suits, and the fact, that Hoffman had been decreed to have the best claim to the legal title to said land, and that he had conveyed the same to him in obedience to the direction of said former decree, and claiming, that, as the title of said Shaw to said land had been set aside on the ground of legal, if not actual, fraud, he should release his decree against said West, but that, instead of discontinuing his decree and claim for purchase-money, after his title to said land proved to be worthless, he had sued out a writ of *fieri facias* on his decree and had the same levied on the cattle and other property of plaintiff and will make the money, if not restrained by the order of a

court of equity.  He prays, that the papers and decrees in the three suits thereinbefore mentioned and described be made and taken as proof in and part of his bill; that the collection of said execution may be restrained and enjoined; that, when the whole matter can be heard, said Shaw may be perpetually enjoined; and, when the whole matter can be heard, that he may have general relief *etc.*

Can this bill filed by said Thomas M. West be regarded and treated as a bill of review?  "The causes for which a bill of review may be maintained are limited to these . (1) There must be error in law apparent upon the face of the decree; or (2) the party seeking to review the decree must allege and prove the discovery of new matter which could not have been used at the time of making the decree in consequence of the party's ignorance that such matter existed." Sands suit in Eq. § 631.  This bill, if a bill of review at all, is based upon error in law apparent upon the face of the decrees; and in 4 Minor Inst. § 1253, it is stated that "no previous leave of the court is requisite in order to file a bill of review for error of law apparent on the face of the proceedings."

When we examine the bill, we find, that, although it does not state concisely the errors of law relied upon, it does in general terms call attention to the errors of law apparent on the face of the record.  In the first place it calls attention to the fact, that as a condition precedent to the right of recovery of the $200.00 purchase-money from Powell, under whom appellant took as assignee, said land was to be paid for, when said Shaw should make a deed for the same; and that there was a further condition, that the sale should become valid, only if he (said Shaw) could hold the land against the claim of said Hoffman.  Said bill recites the proceedings had in the chancery suit of appellant against said Shaw and others and also in the suit of Shaw against appellant and others; that these cases were heard together; and that the court decreed, that said Shaw should convey said sixteen acres of land to appellant, and that appellant should pay $200.00, the purchase-money, and interest from the 15th day of April, 1856, till paid and costs, and that said land should be sold, if the purchase-money was not paid.  The plaintiff states, that this

decree was satisfactory, as he supposed the title of Shaw was settled and good.   He then states, that Hoffman brought his suit against Shaw and others, which resulted in determining, that said Shaw never had any equitable right to said land, but the purchase was made for and with the money of Hoffman, and that neither Shaw nor appellant could hold the same against the better claim of said Hoffman, and that appellant was directed to pass the legal title, which he had obtained under the decree in his suit against Shaw to said Hoffman, which decree he complied with by conveying said title. This statement shows an utter failure of consideration, and appellant claims in his said bill, that said Shaw's decree against him should be released, as his title was set aside on the ground of legal, if not actual, fraud; but, instead of discontinuing his decree and claim for purchase-money, he has sued out a writ of *fieri facias*, and levied it upon plaintiff's personal property. He then prays, that the papers and decrees in the three suits thereinbefore described and on file among the papers of the court be considered as part of his bill; that when the whole matter can be heard said Shaw be perpetually enjoined from collecting the execution aforesaid, and for general relief.

Now, if this prayer be allowed, it would result in reversing and annulling the only portion of said decrees, that appellant cared to complain of, and the only part of the decree, that was affecting his interests and said prayer is in effect the same, as if he had prayed, that said decree be reviewed and reversed, so far as it directed said judgment to be enforced against him, after the consideration proved worthless.

In the case of *Sturm* v. *Fleming*, 22 W. Va. 404, it is held: " In chancery pleadings, it is the disposition and practice of courts of equity to regard substance rather than mere form or name, and to so mould and treat the pleadings as to attain the real justice of the case; consequently a complaint styled by the pleader a ' petition,' which has all the elements of a bill in the nature of a bill of review, will be treated as such, if it has the necessary parties with sufficient averments and prayer for relief."

In the case of *Goolsby* v. *St. John*, 25 Gratt. 163, in which there was a decree perpetuating an injunction, setting aside

a judgment and remanding the case to rules, St. John filed a bill of review for errors apparent in the decree, and the court made a decree in the bill of review case, reversing and annulling said decree, and directing the case to stand upon the docket, as it did before said decree; and on the same day the originial case of Goolsby & Rector against St. John was reinstrated on the docket, and on motion of St. John it was decreed, that the injunction be dissolved. The appellate court held (1) that it was a proper case for a bill of review; (2) that the court should not only have dissolved the injunction, but should have dismissed the bill; (3) that the bill of review was a continuation of the original suit, and there should not have been two decrees, but the whole should have embraced in one decree, and the appellate court will so regard them; (4) that, if the case had not been a proper one for bill of review, still an appeal from that decree brings up the whole case, and the appellate court will go back to the first error and reverse the decree complained of.

In the case of *Middleton* v. *Selby*, 19 W. Va. 168, third point of syllabus, it is held: "In determining what is error of law apparent on the face of the decree, the court can not look into the evidence in order to see if the decree is erroneous, as that is the proper office of the court upon appeal; but in determining this question it is necessary to look at the whole record, including the testimony, to ascertain whether upon the whole case error of law has been committed."

In the case of *Martin* v. *Smith*, 25 W. Va. 579, a bill of review was treated and considered as a petition for a rehearing, and the decrees complained of were reviewed. In that case (page 583) SNYDER, J. in delivering the opinion of the court says: "In many other cases in this State and in Virginia, it has been held that a literal compliance with forms is not required by courts of equity. They regard substance rather than mere form, and so mould and treat pleadings as to attain the justice of the case. Under this rule, a petition for a rehearing has been treated as a bill of review, when the facts made it necessary to so regard it, and a notice to correct a decree on a bill taken for confessed has been treated as a petition for a rehearing;" citing numerous authorities.

So in the case under consideration I must conclude, that the bill filed by appellant in the Circuit Court of Taylor county, although praying an injunction, must be considered and treated as a bill of review; and it will be seen, that the Code, c. 133, s. 5, provides, that a court or judge allowing a bill of review may award an injunction to the decree to be reviewed.

In this case I am of opinion, that this Court would be fully warranted in holding and treating the last bill filed by appellant as a bill of review; and treating it thus there can be no question as to the error existing in the decree of September 21, 1868, awarding execution against the property of appellant on a decree, which had been obtained upon a claim, which had proved utterly worthless, and instead of issuing execution upon said decree the court should have cancelled and anulled the same. Treating then the bill filed by appellant not as an injunction-bill but as a bill of review, the decree rendered therein by the Circuit Court of Taylor county on the 31st day of March, 1888, must be reversed and anulled; and the decree directing appellant to pay the said William Shaw the sum of $200.00 with interest thereon from April, 1856 and costs being dependent upon said Shaw's obtaining the legal title to the sixteen acres of land in the bill mentioned, and he having failed to obtain said legal title, said decree and the decree of September 21, 1868, awarding execution on said former decree are reversed, so far as they give said decree for $200.00 and interest and costs and award execution upon the same; and the appellant must recover from the estate of said William Shaw the costs of this appeal.

SNYDER, PRESIDENT, and GREEN and BRANNON, JUDGES, concurred.

REVERSED IN PART.