# CHARLESTON.

1873.
January
Term.

MEADOWS *vs.* JUSTICE.

WILLIAM MEADOWS, PLAINTIFF AND APPELLEE *against* PHILIP S. JUSTICE, DEFENDANT AND APPELLANT.

Decided February 22d, 1873.

### · SYLLABUS.

A non-resident Defendant against whom a decree has been made by publication, and who has not appeared in the case in the Court below, cannot appeal from the decree. His remedy is that provided by the Statute.

*Brown,* for Appellant.
*Ferguson,* for Appellee.

HAYMOND, PRESIDENT:

This is a proceeding in Chancery by publication and attachment against the land of the Defendant, who is a non-resident of the State. The bill was filed and the attachment sued out, and levied on the land of Defendant. An affidavit was filed showing that the Defendant is a non-resident of this State, and publication was made according to law. The attachment was levied on Defendant's land, and decree rendered against him for Plaintiff's debt and costs, and the land levied on decreed

to be sold to pay the debt and costs. The Defendant did not appear in the cause. It was held in the case of Lenows *vs.* Lenow, 8 Grattan's Reports, page 349, that " In a foreign attachment, the absent debtor who has not appeared in the Court below, cannot appeal." In the case of Barbee & Co., *vs.* Pannill, &c., 6 Grattan's Reports, 442, that " An absent defendant against whom a decree has been made, cannot appeal from the decree, and that his only remedy is that provided by the statute." In the case of Lynch and Righter in the Supreme Court of Appeals of this State, it was held that Righter, against whom a judgment or decree had been rendered by publication, could not appeal; and his appeal was dismissed. It appears to be well established, that if a judgment or decree has been obtained against a non-resident of the State, by publication, his remedy is not by appeal or supersedeas to an appellate Court, but, he must file his petition, and make defence in the Court in which the judgment or decree was rendered. The statute provides that remedy for him, and it is supposed to be ample and complete.

For these reasons the appeal in this cause must be dismissed as being improperly taken, and the Appellee recover against the Appellant his costs in this Court.

HOFFMAN, PAULL, and MOORE, Judges, concur in the above opinion.