EVANS v. CHARLES SCRIBNER'S SONS et al.

(Circuit Court, N. D. Georgia. October 10, 1893.)

1. SERVICE OF PROCESS—ABSENT DEFENDANTS.
    Service may be had upon an absent defendant, under Rev. St. § 738, when the suit is brought to cancel for fraud a deed of lands situated within the district.

2. SAME.
    But such service cannot be had when the suit is for the purpose of setting aside alleged fraudulent transfers of life insurance policies issued by a foreign company, and which are not within the district, although such company, in compliance with a state statute, has deposited bonds with the comptroller general of the state, especially when the company acknowledges its liability on the policies, and offers to pay the amount thereof into court.

3. SAME.
    Where the cancellation of the deed and of the transfers of the policies is sought in the same suit, service as to the former cause of action will not draw to it jurisdiction as to the latter, as there is no connection between the two.

In Equity. Bill by Flora W. Evans, administratrix, against Charles Scribner's Sons and others. Motion to set aside service and order of service made under Rev. St. § 738. Granted in part and denied in part.

Hamilton Douglas, for complainant.
B. H. & C. D. Hill, for the insurance company.
Mayson & Hill, for Scribner's Sons.

NEWMAN, District Judge. In this case the complainant is a resident of this district, and brings her bill against Scribner's Sons, citizens and residents of the state of New York; and the Northwestern Mutual Insurance Company, a corporation of the state of Wisconsin, and citizen and resident of that state. The purpose of the bill is twofold: First, to require the defendants Scribner's Sons to bring into court and to have canceled as fraudulent a deed of conveyance to certain real estate in the city of Atlanta, and this district, which deed is alleged to have been obtained by duress and fraud. The value of the real estate, as the pleadings now stand, is alleged to be more than $2,000. The other purpose of the bill is to set aside transfers of certain insurance policies in the Northwestern Mutual Life Insurance Company on the life of complainant's de-

ceased husband, which transfers are also said to have been obtained by duress and fraud. The Northwestern Mutual Life Insurance Company appeared by its solicitor, and filed an answer, in which it acknowledged that the policies of insurance on the life of the complainant's husband were in force at the time of his death, and acknowledged its indebtedness on said policies, and asked of the court that it might be fully protected as a disinterested holder of the funds, and that the parties claiming the same might be properly before the court, before any action against it was had; and then offered, and requested leave, when it should be so protected, to deposit the amount covered by the policies in the court. An order was granted, under section 8 of the act of March 3, 1875, (Supp. Rev. St. p. 84,) for service on Scribner's Sons. That section, so far as is material here, is as follows:

"That when any suit is commenced in any court of the United States to enforce any equitable lien or claim to, or remove any incumbrance or cloud upon the title to real or personal property, within the district where such suit is brought, and one or more of the defendants therein shall not be an inhabitant of or found within said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, and plead, answer or demur by a certain designated day, which order shall be served," etc.

Service was made under the order. Thereupon Scribner's Sons put in a special appearance by counsel, and moved that the order granting the service and the service be set aside. In order to justify service under the statute the suit must be one to "enforce a legal or equitable lien upon or claim to, or to remove an incumbrance or lien or cloud upon, the title to real or personal property within the district where suit is brought." Now, so far as this bill seeks to set aside the deed to the real estate in question, the service seems to be entirely proper. As to the insurance policies, it appears that the policies are now in the state of New York, but the indebtedness is by a corporation of the state of Wisconsin. As to these policies, the suit does not seek to enforce "any legal or equitable lien upon or claim to any property either real or personal;" neither does it seek "to remove any incumbrance, lien, or cloud upon the title to any real or personal property." Even if the insurance policies in issue could be said to be, in any fair sense, such personal property as is contemplated by the statute, the policies are in the state of New York, and not in this district.

By an amendment to her bill complainant shows that by a statute of Georgia all insurance companies doing business in this state are required to deposit with the comptroller general of the state a certain amount of bonds for the protection of persons holding insurance policies issued by any such companies; and that the Northwestern Insurance Company has complied with this statute, and has bonds to a greater amount than the policies in question now in the hands of the comptroller general. She also alleges that notice has been given to the comptroller general against the Northwestern Mutual Life Insurance Company. From this her counsel argues that this constitutes personal property within the district, which she is seeking to recover, and that, within the language of the

statute, she has a claim to this personal property. This position cannot be sustained. The insurance company deposits here bonds in the hands of the comptroller general for the purpose of securing its policy holders, generally, in the state; and, after notice has been given to the comptroller general, and judgment obtained against the company, these bonds may be subjected to the payment of the judgment. But this is not a suit, in any sense, to recover those particular bonds, and there is no provision in the statute of the state for that, nor is there any law authorizing any such proceeding. But, in addition, in this case, the insurance company has come into court and acknowledged its indebtedness, and offers, when the court shall deem it fully protected, to pay the money into court. Therefore there is no reason whatever for the complainant to recover these bonds, or endeavor in any way to subject them to the payment of the claim. It is clear, therefore, that, so far as this suit relates to the insurance policies in question, the service, under the section of the Revised Statutes quoted, is improper. So far as it applies to the real estate, in the opinion of the court, it is good. If these two questions as to the real estate and insurance policies were so related to each other that one could not be disposed of fairly without the other, then it is probable that the retention of the case as to the real estate would hold the remainder of the case; but this is not true here. The two matters seem to be entirely separate and distinct, and the question as to whether the deed to the real estate was obtained by duress and fraud, and should be set aside or not, could be easily disposed of without considering the other question.

The conclusion is that the order for service and the service must be set aside, so far as relates to that part of the bill covering the insurance policies; and that, as to so much of the bill as refers to the real estate, the order for service should be sustained.