# CHARLESTON.

BUSKIRK *v.* FERRELL *et al.*

Submitted January 14, 1902. Decided March 15, 1902.

1. ORDER PUBLICATION—*Non-Resident—Appearance.*

    An unknown party against whom an order of publication has been taken and published may appear within five years after a decree has been entered or within one year after a copy of such decree shall be served upon him, if within the five years limit, and have the same reheard on giving security for costs. (p. 200).

Appeal from Circuit Court, Logan County.

Bill by J. B. Buskirk against Jacob Ferrell and others. Decree for plaintiff, and defendants appeal.

*Reversed.*

SHEPPARD & GOODYKOONTZ, for appellants.

J. C. ALDERSON and H. K. SHUMATE, for appellee.

DENT, PRESIDENT:

At November rules, 1894, J. B. Buskirk filed a bill in chancery against Jacob Ferrell, R. T. W. Duke, Jr., Henry R. Phillips, trustee, the unknown beneficiaries of said trustee, and others, the object of which was to subject a tract of two thousand

five hundred acres of land in Logan County to the payment of the judgment liens against Jacob Ferrell, and to set aside as incidental thereto certain alleged fraudulent conveyances. Afterwards an amended bill was filed bringing in other lands alleged as belonging to said Ferrell and subject to said judgment liens. R. T. W. Duke, Jr., Henry R. Phillips, trustee, appeared and demurred to each of said bills and filed their separate answers denying the fraud charged or that the land belonged to Ferrell, and was liable to the judgment liens against him. The case was referred to a commissioner who reported that Ferrel was the owner of three tracts of land containing respectively forty-one, fifty and two hundred and fifty acres, which were subject to a judgment lien in favor of J. B. Buskirk, amounting to three hundred and fifty-four dollars and twenty-nine cents, same in favor of J. A. Sheppard amounting to fifty-three dollars and sixty cents, and same in favor of J. A. Peck amounting to one hundred and seventy-eight dollars and sixty cents.

Defendants Duke, Jr., and Phillips, trustee, excepted to the commissioner's report because he had failed to consider the evidence filed with him in relation to the two hundred and fifty acre tract of land and failed to return the same with his report. On the 2d day of November, 1897, the court entered a decree overruling the exceptions to the commissioner's report and decreed the sale of said three tracts of land to satisfy the judgments aforesaid. On the 3d day of August, 1898, Luther Koontz and Herman Koontz, partners as Koontz Bros., who were made parties to the bills as unknown beneficiaries and against whom an order of publication was taken, appeared in the suit for the first time and asked leave to file their petition and answer claiming to be the owners of the two hundred and fifty acre tract of land and that the same was improperly decreed for sale as the property of Jacob Ferrell, but the court for some reason unknown refused to allow the petition and answer to be filed. On the 26th day of October, 1893, John A. Sheppard, one of the judgment lienors, appeared in court and had an order entered releasing the decree in his favor as to the several tracts of land involved. On the 28th day of October, 1898, the plaintiff had an order entered releasing the decree in his favor in so far as the two hundred and fifty acre tract was concerned. On the 27th day of April, 1899, the Koontz Bros.

tendered and asked leave to file their amended and supplemental petition, in which they claimed that they were the owners of all three of the tracts of land decreed to be sold, that the forty-one acre and fifty acre tracts were part of the two thousand five hundred acre tract owned by them, and that this fact had not been discovered by them until after the decree of sale; that such decree might be reviewed and reversed and all three of said tracts decreed free and acquit therefrom, adjudged to be their property, and if proper a deed of conveyance therefor be made to them. Also that the sale thereof be stayed until a hearing could be had on such petition. The court refused to allow the petition to be filed or to suspend proceedings for sixty days to allow an appeal from such decree to this Court. Henry R. Phillips, trustee, R. T. W. Duke, Jr., and Koontz Bros. appeal from the decrees entered. In so far as the demurrer to the bills are concerned, it is only necessary to say that it is wholly without foundation. Both bills were to enforce payment of judgment liens against Jacob Ferrell's real estate. Whether fraudulently held by others or not all such real estate could be brought into the same suit.

The only question of merit before this Court is whether the circuit court erred in not permitting the Koontz Bros. to appear and file their petitions and defend their interests in the suit. They had been made parties as unknown beneficiaries, and an order of publication had been taken against them as such, and they had not been served with process. The suit was still pending and not finally determined. They were necessary parties. By section 14, chapter 124, Code, the right is reserved to an unknown party to appear within five years or within one year after process is served upon him and file his petition and have the proceedings reheard as to him. On giving security for the costs which have accrued or shall thereafter accrue such unknown defendant is entitled to make defence against such judgment or decree, as if he had appeared in the case before the same was rendered. But for some reason not evident or sound the court refused to allow these unknown defendants to appear at all. It is true their trustee was before the court. This is not a sufficient reason to deny them a hearing. The *cestui que trust* is entitled to defend his own interest and has the right to be heard if he comes in time, which is limited to five years or one year after process is served upon him. And not having been per-

mitted to appear and make their defence, they are not bound by any of the decrees in the case, but are entitled to have the same fully reheard. For this reason the decrees complained of must be reversed and this cause is remanded to the circuit court with direction to allow the Koontz Bros. to file their petition and on their giving security for costs to permit them to make defence in the suit as though such decrees had not been rendered.

*Reversed.*