# CHARLESTON.

## PEOPLES BANK *v.* BURDETT, JUDGE.

Submitted May 2, 1911.    Decided May 9, 1911.

1. JUDGMENT—*Setting Aside—Appearance of Unknown Defendant.*
   The right of a party to a suit or action, proceeded against as
   an unknown party or non-resident defendant, to appear and
   make defense, within the time, in the manner and upon the con-
   ditions, prescribed by sections 14 of chapter 124 and 25 of chap-
   ter 106 of the Code of 1906, is absolute, and the duty of the court
   to admit him, for such purpose, upon showing a proper status
   and compliance with the conditions, ministerial.   (p. 371).

2. MANDAMUS—*When Granted—Setting Aside Judgment.*
   *Mandamus* lies to enforce such right, when it has been de-
   nied.   (p. 372).

3  SAME—*Writ of Rehearing of Judgment—Sufficiency of Petition.*
   The filing of a proper petition for a rehearing under said sec-
   tions, is a demand for such right, and rejection thereof by the
   court a default or refusal, sufficient for an application for a
   *mandamus* to compel enforcement thereof.   (p. 372).

4. JUDGMENT—*Non-resident Defendant—Bond for Costs—Petitions
   —Filing.*
   Neither the bond for costs, required by said provisions, nor
   the defenses of the applicant for admission need be filed or ten-
   dered with such petition.   (p. 373).

Petition by the Peoples National Bank for a writ of *man-
damus* to S. C. Burdett, Judge.

*Writ Awarded.*

*Morgan Owen* and *E. B. Dyer,* for petitioner.

*J. W. Kennedy* and *J. F. Cork,* for respondent.

POFFENBARGER, JUDGE:

Alleging rejection of its petition to have certain chancery
causes reheard as to it, agreeably to the provisions of section
14 of chapter 124 and section 25 of chapter 106 of the Code
of 1906, the plaintiff, a non-resident party to said cause, pro-
ceeded against by order of publication, asks a writ of *mandamus*
to compel the circuit court of Kanawha county to permit it make
defense to said suits.

The second equity suit was one to quiet title to land and the plaintiff here claims to have had an interest or right, respecting the subject matter thereof. Necessity therefor grew out of failure to make the applicant here and other interested persons parties to the previous suit, the purpose of which was enforcement of a vendor's lien. Edward Gebhart conveyed the land, affected by these suits, to S. W. Shrader, retaining a vendor's lien for $12,000.00. Shrader sold and conveyed part of the surface of the land and all the coal thereunder to the Southern Coal & Coke Company. That company executed a deed of trust on its purchase to the Kanawha Banking and Trust Company, to secure an issue of bonds, amounting to $90,000.00. To obtain satisfaction of his lien for the original purchase money, Gebhart brought a suit to enforce it, inadvertently overlooking the deed of trust. Neither the trustee nor the bondholders were made parties. Having procured a decree of sale of the property, he became the purchaser. To cure the defect, occasioned by the omission of parties, he brought a second suit, to which he made the trustee a party by name and the holders of the bonds as unknown persons interested in the cause, and sought, by way of alternative relief, confirmation of his title by foreclosure of the equities of the parties interested under the deed of trust, redemption of the land by payment of his lien, or a re-sale thereof. The trustee answered, denying any duty on its part to pay the debt or, in any way, protect the rights of the bondholders, and, in default of any appearance by the bondholders or defense of any kind, a decree confirming the title of the plaintiff was entered.

Claiming to be the owner of five of the bonds, secured by the deed of trust, the plaintiff here tendered its said petition in the circuit court, and an order was entered, filing the same and requiring notice of a hearing thereon to be given to the plaintiff in said chancery causes. On the day so fixed, the latter appeared and demurred to the petition, on the ground, among others, that it did not show sufficient interest in the petitioner. An attack upon the petition for indefiniteness as to the identity of the bonds and the date of the acquisition thereof having been made, the petitioner tendered and filed an affidavit, showing the same had been acquired before the

institution of said second suit.   Thereupon the court dismissed the petition.

The right accorded by the statutory provisions under which the petition was filed in the circuit court, is to make defense. It is a limitation of the power conferred upon a plaintiff to obtain relief in judicial proceedings without actual service of process upon the defendant. A judgment or decree without such process is left open to a right of review in the trial court, upon the application therefor within the time prescribed by the statute. The extent and method or mode of review is also prescribed. The applicant is admitted to make defense against the judgment or decree "as if he had appeared in the case before the same was rendered, except that the title of any *bona fide* purchaser to any property, real or personal", sold in the proceedings, shall not be brought in question or impeached. The plain object of the statute is to give the applicant a day in court, agreeably to the fundamental principle of all judicial proceedings. It is a right to go into the case, not merely to review for error, apparent upon the face of the record, but also to set up and assert any defense which the party might have made, if he had been personally served with process and appeared in the action or suit. *Duty* v. *Sprinkle,* 64 W. Va. 39. By the great weight of authority throughout the country, the right to admission into the cause for such purpose is held to be an absolute right which the court cannot deny. *Ludwick* v. *Johnson,* 58 W. Va. 464; *Buskirk* v. *Ferrell,* 51 W. Va. 198; *Taylor & Co.* v. *Hanson,* 36 Ark. 591; 1 Black Judg. 313; Freeman Judg., section 105; *Boling* v. *McKinley,* 44 Minn. 392; *Brown* v. *Brown,* 86 Tenn. 277.

From this conclusion it follows necessarily, that the trial court has no discretion or power to deny the prayer of the petition, if the applicant shows himself to have been an unknown party or other defendant, within the meaning of the statutory provisions. The statute says that, on giving security for costs, he shall be admitted to make defense. It is therefore mandatory in form, and the nature of the right, as already defined, makes it one appropriate for denial of any discretion. It is fundamental in character. The right to defend is like a right to property or liability. Denial or delay thereof may be highly or irremediably injurious and prejudicial. Hence,

we are clearly of the opinion that the duty of the court upon such an application is ministerial. This construction protects the interest of the applicant and does the parties resisting the application no injury or wrong, in the legal sense of the terms. It takes away from them nothing the law has given. All rights acquired by the judgment or decree were subject to this reserved right in the defendant.

A refusal or denial of this right is no doubt correctible by an appeal, but, in this state, we do not deny an extraordinary remedy in a proper case, merely because the party may avail himself of another remedy. Though a void judgment may be reversed by a writ of error, prohibition lies to prevent execution thereof. In *King* v. *Mason*, 60 W. Va. 607, the wrong complained of could have been redressed by an appeal, without any doubt whatever. Nevertheless, this Court awarded a *mandamus*. This writ does not lie to correct error, but it does lie in all cases to compel and enforce performance of ministerial duties. The test, therefore, is not whether a right may be obtained by some other remedy, but whether it is of such character as brings it within the province of the remedy by *mandamus*. The slow process of appellate review, is not adequate to the vindication or enforcement of absolute rights such as the one involved here. The delay incident to that sort of procedure in such cases is not only useless, but also prejudicial and injurious. For that reason, they are within the remedy by *mandamus*, although if the party see fit to incur the delay and the risk of injury, he may sometimes have relief by appellate procedure. We think the appropriateness of the remedy is clear beyond doubt.

Whether the applicant is entitled to make defense, and, therefore, within the statutory provisions here under consideration, is a preliminary question and does not make the duty of the court discretionary in passing upon the application. The determination of that question involves an inquiry as to the status of the applicant only, and does not extend to matters of defense in the suit. If such an inquiry barred the remedy by *mandamus*, it would wholly destroy it, for in every instance of demand for the performance of a ministerial duty, the party upon whom the demand is made, whether a court or a purely ministerial officer, must make such an inquiry. Hence,

it is manifest that necessity for such inquiry and determination of preliminary facts does not make the duty judicial or discretionary.

Objection is made here to the bond for costs, tendered with the petition. We do not think the statute requires it to be tendered or filed with the petition. It must be filed before the applicant is admitted to make defense, but the statute does not require it to be tendered or filed with the petition. The facts disclosed by the petition and alternative writ and return show clearly that no bond would have been accepted by the court. The sufficiency of the bond was not in question and we do not pass upon it. The court below dismissed the petition and denied admission to make defense under the impression that the petitioner had shown no right to do so. In this view we cannot concur. It was proceeded against as a party and the petition, together with the affidavit, which may be treated as an amendment thereof, clearly show that the petitioner was a holder of five bonds at the time the suit was instituted, and therefore a party among those designated in the bill as "the unknown owners of those certain bonds" in the bill mentioned and described.

The remaining contention is that the plaintiff here did not properly demand admission as a party to the cause, because it tendered no defense thereto. In other words, it did not offer to demur to the bill, or tender an answer or otherwise present defenses, which the court refused to admit. This amounts to denial of a sufficient demand on the part of the plaintiff and default on the part of the court. This position is, in our opinion, wholly untenable. The beneficiary of the decree in the cause, by his demurrer to the petition and demand that it be stricken from the files, virtually asked the court to refuse to entertain such defenses, and the court, by its dismissal of the petition, clearly signified its determination not to entertain them. We think the order showing all this makes a plain case of demand and refusal.

For these reasons, the peremptory writ of *mandamus* asked for will be awarded.

*Writ Awarded.*

ROBINSON, JUDGE, dissenting.