# CHARLESTON.

STATE v. AMERICAN PLANOGRAPH CO. et al.

Submitted May 21, 1924.    Decided May 29, 1924.

1. APPEARANCE—*Refusal of Petition of Non-resident Sued as Unknown Party Seeking to Appear and Defend, if Sworn to and Timely Presented, Erroneous.*

   It is error to refuse the petition of a person sued as an unknown party or as a non-resident of the state, asking to appear and make defense in the suit, if the same duly sworn to be presented to the court within the time allowed by sec. 14 of chap. 124, and sec. 25 of chap. 106 of Barnes' Code 1923. (p. 576).

2. COSTS—*No Defense by Person Sued as Unknown Party or Non-resident May be Made Until Security for Cost Given.*

   While it is error to refuse to receive and file such petition to have the proceedings reheard, no defense can be made against the judgment or decree by the petitioner until he shall have given security for the costs which shall have accrued and which may thereafter accrue. (p. 578).

3. SAME—*Motion by Person Sued as Unknown Party or Non-resident to Reverse Judgment or Decree for Apparent Error not Entertained Until Security for Cost Given.*

   A motion by such petitioner to reverse the judgment or decree for any error for which an appellate court might reverse, under sec. 5, chap. 134, Code 1923, is defensive, and should not be entertained until security for costs accrued and to be accrued shall have been given. (p. 579).

Appeal from Circuit Court, Kanawha County.

Suit by the State against the American Planograph Company and others and Jesse L. Heiskell and others. From a decree for plaintiff, the defendants last named appeal.

*Judgment reversed; petition reinstated.*

*Donald O. Blagg,* for appellants.

*H. M. Anderson* and *Payne, Minor & Bouchelle,* for the State.

LIVELY, JUDGE:

On February 22, 1917, the State obtained a decretal judgment against American Planograph Company, a non-resident domestic corporation for $1125.25 delinquent taxes, in a chancery suit instituted against various corporations which were. delinquent in the payment of their corporate license tax, the style of which was "State of West Virginia against A. E. Scherr Company et al." and was prosecuted under the statutory provision authorizing such suits as set out in chapter 32 of the Code. That decree forfeited and annulled the charter rights and franchises of the American Planograph Company. After that suit had been dismissed from the docket for more than three terms, the attorney general, having discovered that American Planograph Company owned as assets certain patent rights issued by the federal government, instituted this suit on the 30th day of June, 1920, to collect said judgment by sale of the patents and to wind up the business of the corporation and distribute the proceeds to those entitled thereto, and for general relief. The American Planograph Company, a corporation, George R. Cornwall, one of the known stockholders, and the unknown stockholders of defendant corporation, were made defendants, and process on the part of the corporation was accepted by the auditor as statutory agent for defendant corporation, and an order of publication notified George R. Cornwall and the unknown stockholders that the bill would be filed, and ordered them to appear within one month after the date of the first publication thereof for protection of their interests. A receiver was appointed to take charge of the assets, reference was had to a commissioner who made a report which listed the various patents, and which appeared to be its only assets, ascertained the liens against the corporation in the order of their dignities and priorities, and reported the names of several persons who were supposed to be stockholders. On April 8, 1921, the commissioner's report and the report of the special receiver were confirmed, a special commissioner appointed and directed to sell the assets of the corporation consisting of patents, at public sale, at the front door of the court house of Kanawha county, to the highest bidder for cash, after due

advertisement.   The patents and patent applications issued
to or filed by George R. Cornwall and assigned to the Ameri-
can Planograph Company, together with certain drawings,
blue prints and patterns, were sold by the special commis-
sioner after advertisement, at public auction, to George E.
Cook, at the price of $2,513.28, for cash, confirmed by de-
cree of June 22, 1921, and deed therefor ordered, executed
and delivered.   It appears that the purchaser, George E.
Cook, sold the property purchased by him to Planograph
Equipment Company, for the sum of $20,000 cash, and
for 500 shares of the capital stock of that company.   On
June 17, 1922, Jesse L. Heiskell and four others, claiming
to be stockholders of American Planograph Company, served
notice on the attorney general that on the 21st of June fol-
lowing they would present to the circuit court their peti-
tion praying that the decrees of April 8th and June 22,
1921, above referred to, be set aside and annulled, and that
they be allowed to appear in the cause and protect their in-
terests therein.   On June 21st the petitioners presented
their petition to the court, in which they asked to be made
parties defendant, and moved that the said two decrees of
April 8th and June 17th be set aside for errors appearing
upon the face of the proceeding.   The petition, it will be
noted, is for two purposes: (1) petitioners ask to appear
and defend in the cause under section 14 of chapter 124
of the Code; and (2) they move to have the decrees reversed
for errors, under section 5 of chapter 134 of the Code.   The
Planograph Equipment Company appeared and demurred
to the petition and filed an answer thereto, when, upon con-
sideration thereof the court entered the decree appealed
from, reciting that there was no error in the decrees, and that
petitioners have no right to have the decrees reheard, that
their only right was to share in any surplus assets of the
American Planograph Company over and above its debts
theretofore adjudicated; and dismissed the petition.

Petitioners assert that it was error (1) to refuse to permit
them to appear and make defense; (2) that it was error to
refuse to reverse the decrees complained of for error ap-
parent upon the record; and to dismiss the petition.

Under section 14, chapter 124, ''Any unknown party or

other defendant, who was not served with process in this state, and did not appear in the case before the date of such judgment, decree or order, * * * * may, within two years from that date, * * * file his petition to have the proceedings reheard in the manner and form provided by section twenty-five of chapter one hundred and six of the code, and not otherwise.'' Under section 25 of chapter 106 of the Code a defendant who has been proceeded against by order of publication may, within two years from the date of the judgment or decree, petition to have the proceedings reheard and shall be admitted to make defense against the judgment or decree upon giving security for the costs which have accrued or shall thereafter accrue, except that the title of any bona fide purchaser to any property sold under an attachment shall not be brought in question or impeached. Under the provisions of these two sections petitioner would have the right to appear in the cause and make defense ''as if he had appeared in the case'' before the decrees were rendered, except that the title of any bona fide purchaser of any property real or personal sold in the proceeding shall not be questioned or impeached. It was held in *People's Bank* v. *Burdett, Judge,* 69 W. Va. 369, that where an unknown party or non-resident defendant has been proceeded against, his right to appear and make defense within the time and in the manner prescribed by chapter 124, section 14, and section 25 of chapter 106, is absolute, and the duty of the court to admit him for such purpose upon showing a proper status and compliance with the conditions, was ministerial. It was said that the plain object of the statutory provisions was to give the applicant his day in court, not only to review for errors apparent on the face of the record, but also to set up and assert any defense which might be made, if he had been personally served with process and had appeared in the suit. The applicants here show by their petition that they are stockholders in the American Planograph Company, are non-residents, and have not been personally served with process. Their status as parties defendant is properly pleaded and upon compliance with the statute they should be admitted to make defense. With the character of their defense the court is not

concerned. It may be a good defense or it may be unavailing. Counsel for appellee insist that petitioners were and are not proper parties to the suit and cannot be heard because, it is contended, the suit to collect the judgment for delinquent taxes is but a continuation of the original suit of *State* v. *A. E. Scherr & Co.*, in which the judgment was rendered, and the statute authorizing that suit does not require the stockholders of a corporation delinquent in payment of its license taxes to be made parties. That contention would be good, possibly, if the original suit was yet pending. This proceeding is in no way related to the original suit except to show how, when and for what claim the decretal judgment was rendered. Either the attorney general or the auditor may collect the amount adjudged in favor of the state and against a delinquent corporation in the same manner as other claims due the state are collected. Sec. 136, chap. 32, Code. The state has elected to enforce its judgment against the assets of the judgment debtor by bill in chancery asking for appointment of a receiver, the winding up of its affairs, the sale of its assets, distribution of the proceeds among its creditors, and the surplus to the stockholders. The stockholders as the equitable owners of the property of the corporation were proper parties.

After the decree in the first suit which forfeited and annulled the charter rights and franchises of the corporation, the corporate powers were suspended, its vitality gone until reinstatement in the manner prescribed by law. Any creditor or stockholder could maintain suit in equity to ascertain and convert the assets into money, first to pay the debts and next for distribution among the stockholders. Sec. 59, chap. 53, Code. *Stiles* v. *Laurel Fork*, 47 W. Va. 838, 847. The necessity and reason for making the stockholders parties to such suit is discussed by Judge BRANNON in the case last cited at page 847-8. It is not necessary to repeat or amplify. It is true, as contended by appellees' counsel, that the stockholders are not necessary parties in the suit authorized by sec. 136, chap. 32, Code, for collection of delinquent charter taxes, and for annulling the charter rights and franchises; but this proceeding is an independent and dif-

ferent suit. If a receiver had been appointed in the original suit in which the judgment was rendered, a sale made of the assets to pay the debts, and the surplus ordered distributed to the stockholders, as might have been done, the question would have arisen as to the necessity of bringing in the stockholders as parties—a question which does not arise in this suit, and is not decided.

We come to the motion of petitioners to reverse the decrees of April 8, 1921, and June 22, 1921, for errors stated in the petition and alleged to be apparent upon the face of the record, made under sec. 5, chap. 134, Code, which provides that the court in which there is a decree on a bill taken for confessed may on motion reverse for any error for which an appellate court might reverse, and render such decree as ought to be given. The motion, we hold, was premature, as well as the action of the court thereon, which found that there was no error in the two decrees. The first step to be taken was to admit or refuse to admit petitioners as parties to the suit to make defense therein. This motion to reverse is defensive, and no defense can be made until bond for costs be given, so says the statute. Can any person make a motion to reverse without showing that he had some interest in the cause or without giving security for the costs? True, the bill makes the unknown stockholders parties, and the petitioners aver that they are stockholders and entitled to make defense; but before they can do so it must be shown that their averment is true, and before they can be heard the statute requires that they shall give security for costs before they can be admitted to make defense against the decrees. This they have not done; indeed, the court has not recognized them as proper parties and by dismissing their petition has cast off their right to give security and make defense. In the present stage of the proceeding it would be premature to pass upon the assignment of error going to the disposition of the alleged errors in the two decrees claimed to be apparent on the face of the record. The point is raised by appellees that the motion to reverse comes too late as to the decree of April 8, 1921, having been made more than one year after the rendition of the decree, but until petitioners

are admitted to make defense, and the lower court has passed upon the defenses reasonably made, we cannot consider this point, or any others going to the validity of those decrees.

*Judgment reversed; petition reinstated.*