BERTHA MARGARET CABLE, *Admx., Etc., et al.*

*v.*

MALIN LEVI CABLE, *et al.*

(CC 744)

Submitted January 12, 1949. Decided April 5, 1949.

622

*A. E. Bryant* and *A. C. Schiffler,* for plaintiffs.

*Handlan, Garden, Matthews & Hess, G. Alan Garden,* and *James P. Clowes,* for defendants.

RILEY, JUDGE:

This certificate involves the ruling of the Circuit Court of Hancock County in overruling a demurrer to a bill of complaint filed in 1946 by Bertha Margaret Cable, as administratrix of the estate of Davis Eldridge Cable, Bertha

Margaret Cable, Margaret Cable (who is the same person as Bertha Margaret Cable), Frances Nelson Brummel, Dora Nelson and Grace Nelson Hoberg against Malin Levi Cable and others, praying that two several decrees of the Circuit Court of Hancock County, dated September 9, 1941, and October 20, 1941, respectively, be set aside, which decrees were entered in a former suit in which Malin Levi Cable, Marie Cable (1st), Bert Cable, Marie Cable (2d), Elizabeth Cable, Porter Alexander, George Dunlop, Jessie Cable and Bessie Cable were plaintiffs, and the present plaintiff's were defendants, the latter having been proceeded against by order of publication.

The bill of complaint in the former suit alleged that on May 11, 1907, Malin Levi Cable, Curtis Cochran Cable and George Stewart Cable, three of the four sons and devises of William T. Cable, deceased, at the instance and upon the false representation of the fourth son, Davis Eldridge Cable, executed a deed of trust to George L. Bambrick, Trustee, conveying their three-fourths interest in a tract of land in Hancock County, containing seventy-three acres, three roods, and thirty-seven perches, more or less, to secure grantor's joint note payable to Davis Eldridge Cable for $840.00; that the note and deed of trust were made upon the representation by Davis Eldridge Cable that the amount of the note, together with the sum of $280.00 to be contributed by him, would pay a purported claim of Emma J. Adams, whom he represented to be a creditor of the estate of William T. Cable, deceased, in the amount of $1,120.00; that the deed of trust was to be satisfied by Davis Eldridge Cable from the rents, income and profits derivable from the estate of William T. Cable, deceased; and further that substantial sums of money as rents, income and profits were realized from the property, but were not applied to the indebtedness in accordance with the representation made upon the execution of the deed of trust; and that Davis Eldridge Cable did not pay the creditor, Emma J. Adams, the sum of $1,120.00, but effected a settlement with her in the amount of $577.50, which sum was paid from the William T. Cable estate.

The bill of complaint in the former suit further alleged that on September 20, 1933, Davis Eldridge Cable assigned the note and deed of trust to his wife, Bertha Margaret Cable, who, following the death of her husband, as the owner and holder of the note, requested Bambrick, Trustee, to make sale; that at the Trustee's sale, Margaret Cable (Bertha Margaret Cable) purchased the three-fourths interest in the land embraced in the deed of trust and received a deed therefor; that on March 19, 1936, Margaret Cable conveyed her interest to the plaintiffs, Frances Nelson Brummel, Dora Nelson and Grace Nelson Hoberg; that the several plaintiffs, other than Malin Levi Cable and Marie Cable (1st), his wife, are the heirs at law of George Stewart Cable and Curtis Cochran Cable, deceased; that all of the named plaintiffs, as well as the defendants, are nonresidents of the State of West Virginia; that only very recently did plaintiffs learn of the alleged fraud; and that they are without remedy except in a court of equity.

Although the foregoing bill of complaint is drawn primarily for the purpose of having the several conveyances set aside on the ground of fraud, the prayer is that the defendants be required to answer; that an accounting regarding the activities of Davis Eldridge Cable and Bertha Margaret Cable, administratrix, be had; that defendants be enjoined from making sale or otherwise disposing of the real estate involved; that the rights and interests of plaintiffs be determined; and for general relief. There is also a further prayer that the conveyances be set aside as clouds on title.

Decrees were entered in the former suit on September 9, 1941, and October 20, 1941, the latter of which granted the relief prayed for in the bill of complaint. These are the decrees sought to be cancelled by the bill of complaint of Bertha Margaret Cable, administratrix, and others.

It is admitted in the present bill of complaint that plaintiffs, who had been proceeded against in the suit of 1941 by order of publication, first obtained actual knowledge of

the entry of the two decrees on or about March 7, 1944, almost two years and five months from the date of the entry of the decree of October 20, 1941. That suit was not instituted until July, 1946, or two years and four months after the date plaintiffs admittedly obtained actual knowledge of the entry of the decrees and about four years and nine months from the entry thereof.

The present bill of complaint, in addition to the plaintiffs in the 1941 suit, impleads George L. Bambrick, Trustee, and Charles E. Tonry and William T. Fahey, the latter two being attorneys, as defendants. In regard to these three parties the bill charges that Bambrick, Trustee, had not been made a party in the former suit, and further that he was a necessary party thereto; also that after the entry of the decree of October 20, 1941, the plaintiffs in the first suit had conveyed an undivided three-eighths interest in the property to Tonry and Fahey, and that the latter two did not have the deed for their interest placed on record until after the expiration of the time within which nonresidents could by petition reopen the cause.

Defendants, having interposed a demurrer to the bill of complaint, now assert: (1) That the period of two years having elapsed after the entry of the decrees sought to be set aside, this suit is barred under Code, 56-3-26; (2) that the plaintiffs' delay for a period of more than two years, after they learned of the entry of the decrees, constitutes laches by reason of which plaintiffs are barred of relief; (3) that the first suit was not one to clear cloud on title, but to avoid the conveyances on the ground of fraud; and (4) that the circuit court having jurisdiction to set aside the Bambrick deed of trust on the ground of fraud will retain jurisdiction to grant further relief and set aside the sale under the deed of trust and the other transfers thereunder.

The circuit court overruled the defendants' demurrer to the bill of complaint.

Plaintiffs, as the bill of complaint alleges, having delayed the institution of this suit beyond two years from the entry of the decrees under attack, proceed on the theory that the decrees are void and may be attacked at any time. See *Evans v. Hale,* 131 W. Va. 808, 50 S. E. 2d 682, citing *Calvert v. Ash,* 47 W. Va. 480, 35 S. E. 887, to the effect that a void judgment is no judgment at all. It is a mere nullity and may be attacked in any court whenever any claim is made or any right asserted under it. If, however, the decrees are not void, plaintiffs must seek relief under Code, 56-3-26, and Code, 38-7-43, the pertinent provisions of which are:

"Any unknown party or other defendant who was not served with process in this State, and did not appear in the case before the date of such judgment, decree or order, or the representative of such, may, within two years from that date, if he be not served with a copy of such judgment, decree or order more than eight months before the end of such two years, and if he was so served, then within eight months from the time of such service, file his petition to have the proceedings reheard in the manner and form provided by section forty-three, article seven, chapter thirty-eight of this Code, and not otherwise; and all the provisions of that section are hereby made applicable to proceedings under this section." (Code. 56-3-26.)

"If a defendant against whom, on publication, a judgment or decree has been or shall hereafter be rendered, in an action, suit, or proceeding in which an attachment is sued out and levied as provided in this article, or the personal representatives of such defendant shall return to, or appear openly in this State, he may, within one year after a copy of such judgment or decree has been or shall be served upon him, at the instance of the plaintiff, or within two years from the date of such judgment or decree, if he be not so served, petition to have the proceedings reheard. On giving security for the costs which have accrued and shall thereafter accrue, such defend-

ant shall be admitted to make defense against such judgment or decree, as if he had appeared in the case before the same was rendered, except that the title of any bona fide purchaser to any property, real or personal, sold under such attachment, shall not be brought in question or impeached. But this section shall not apply to any case in which the petitioner, or his decedent, was served with a copy of the original process in the action, suit or proceeding wherein the attachment issued, more than sixty days before the date of the judgment or decree, or to a case in which he appeared and made defense."

Code, 38-7-43.

Code, 56-3-26, should be read *in pari materia* with Code, 38-7-43. The former statute fixes the time within which a petition for a rehearing may be filed by an unknown party or defendant, or the representative of such, who has not been served with process in this State, and did not appear in the case before the date of the judgment, "decree or order", and refers to the latter statute "only for the purpose of adopting the manner and form of rehearing therein provided." *Bacon v. Bacon,* 68 W. Va. 747, 748, 70 S. E. 762.

If the statutes are applicable here, plaintiffs' only remedy is to petition for a rehearing as provided by Code, 56-3-26, and Code, 38-7-43, within two years from the date of the decrees sought to be set aside. *Vance v. Snyder,* 6 W. Va. 24, pt. 5, syl.; *Meadows v. Justice,* 6 W. Va. 198, syl.; *Shenandoah Valley National Bank v. Hiett,* 121 W. Va. 454, pt. 5 syl., 6 S. E. 2d 769. The right of a party or defendant, who is within the statutes, to a rehearing is absolute. *People's National Bank v. Burdett,* 69 W. Va. 369, pt. 1 syl., 71 S. E. 399; *State v. American Planograph Co.,* 96 W. Va. 574, 123 S. E. 410; *Johnson v. Ludwick,* 58 W. Va. 464, 52 S. E. 489; *Buskirk v. Ferrell,* 51 W. Va. 198, 41 S. E. 123. The object of these statutory provisions, so this Court has held, is to give the applicant his day in court, not only to review for errors apparent on the face of the

record, but also to set up and assert any defense which might have been made, if he had been personally served with process and had appeared before the judgment or decree. *State v. American Planograph Co., supra; People's National Bank v. Burdett, supra.*

Plaintiffs assert in their brief that: (1) They are entitled to a rehearing, regardless of the statute, because the decrees of September 9, 1941, and October 20, 1941, respectively, are void for the reason that the circuit court was without jurisdiction to enter them; (2) the first suit was one to remove cloud on title, and the plaintiffs therein, the grantors in the deed of trust to George L. Bambrick, Trustee, having been divested of their title by the deed of trust and sale thereunder, could not have maintained and prosecuted that suit; and (3) the decrees sought to be set aside are void because George L. Bambrick, Trustee, was not made a party defendant in the first suit. Plaintiffs' counsel further asserted in oral argument that the two year period of time, provided by Code, 56-3-26, is inapplicable, for the reason that the statute does not apply to a suit in equity, in which the rights asserted are exclusively equitable.

Plaintiffs' first position, to the affect that the decrees are void, is based on the fact that the record in the first suit contains no evidence of fraud, the decrees sought to be set aside having been entered by the circuit court solely on the testimony of the then Clerk of the County Court of Hancock County, concerning the recordation in his office of the title papers involved in that suit. This position evidently overlooks the fact that this is a certified case, and on the certificate only the ruling of the trial court on defendants' demurrer to the bill of complaint is before us. Code, 58-5-2. In our opinion, the allegations of fraud in the bill of complaint in the first suit are sufficient to have justified the circuit court in setting aside the deed of trust and the sale thereunder on that basis. Special relief having been prayed for against the defendants and the plaintiffs having put in issue by their bill of complaint the alleged fraudu-

lent conveyances, the bill of complaint furnishes a sufficient basis for recovery under the prayer for general relief. 1 Miller, Hogg's Equity Procedure, 3d Ed., Section 113; *Custer v. Hall*, 71 W. Va. 119, 76 S. E. 183. But, as the trial court had entered the decrees in the first suit without any evidence of fraud or other cirmustances vitiating the deeds, the decrees therein, in our opinion, are at most simply voidable and not void. In inviting our attention to the dearth of evidence of fraud in the first suit, counsel for plaintiffs herein evidently have failed to distinguish between the term "equity jurisdiction" as contradistinguished from "jurisdiction in general." Of course, there being no substantial evidence in the first suit to support the decrees therein, the court should not have decreed equitable relief. But the decrees in that regard are simply erroneous. 1 Pomeroy's Equity Jurisprudence, 6th Ed., Sections 129 and 130; Restatement of the Law of Judgments, Section 7, page 43; *Fraga v. State Compensation Commissioner*, 125 W. Va. 107, pt. 1 syl., 23 S. E. 2d 641; *Venner v. Great Northern Railway* Co., 153 F. 408, 413, 414.

If, as the present defendants claim, the first suit was brought to set aside alleged fraudulent conveyances of real estate, the situs of which is in Hancock County, an order of publication having been executed as to the defendants in that suit, the circuit court of that county had jurisdiction to enter a decree *in rem* or perhaps more properly a decree in the nature of a decree *in rem*. Of course, the present plaintiffs, not having been personally served in the former suit and not appearing therein, a personal decree could not have been had against them. *Johnson v. Ludwick, supra*, pt. 3 syl.; *Barrett v. McAllister*, 33 W. Va. 738, pt. 11 syl., 11 S. E. 220. But where, as here, the situs of the land is within the jurisdiction of the court and the parties defendant are proceeded against under an executed order of publication or direct control is taken of property by attachment or otherwise, the court has jurisdiction to enter a decree which in this jurisdiction has been designated as one *in rem*. In *Peay v. Morrison's Ex'rs.*, 10 Gratt.

149, an "attachment in equity" to subject certain real estate to the payment of the plaintiff's debt, the Virginia Court held that a creditor at large may maintain a suit in equity to set aside as fraudulent a deed conveying real estate, made by his debtor, though both the debtor and his grantee were nonresidents of the Commonwealth, and were not personally served with process. Of course, it is to be noted that unlike the instant case, the plaintiff in the *Peay* case proceeded by attachment, whereas defendants in the first suit here were impleaded under an executed order of publication. There is, however, ample and well-reasoned authority to sustain the jurisdiction of the circuit court, where, as here, the situs of the real estate is within the court's jurisdiction, and a proper order of publication executed as to the defendants. See generally 14 Am. Jur., Creditors' Bills, Section 104; 24 Am. Jur., Fraudulent Conveyances, Section 197, note 10; 50 C.J.S., Judgments, Section 908, note 52.

In *Tennant's Heirs v. Fretts,* 67 W. Va. 569, pt. 6, syl., 68 S. E. 387, this Court held: "Equity may, upon service of process on a non-resident by publication, remove cloud from title to land within its jurisdiction by a decree binding only *in rem.*" At page 572 of the opinion in the *Tennant's Heirs* case, the Court said: "Equity has exercised jurisdiction to grant such relief [jurisdiction to quiet title where the court can not get personal jurisdiction], independent of statute, both in England and in this country, for more than a century. * * * This power is inherent in courts of equity. It needs no statute to confer jurisdiction on courts of equity to quiet title, any more than *to set aside a fraudulent conveyance* or specifically enforce a contract for sale of land." (Italics supplied.) In *Witten v. St. Clair,* 27 W. Va. 762, this Court held that the Circuit Court of Mercer County had jurisdiction to entertain an action of ejectment to recover land lying within that county and that "if the defendant be a non-resident, he may be proceeded against by order of publication, or the declaration and notice may be served upon him outside of the State in the manner prescribed by sec. 13, ch. 124 of the

**631**

Code * * *." (Code, 56-3-25). In *Birch v. Covert*, 83 W. Va. 752, syl., 99 S. E. 92, it was held: "A vendee may maintain a suit against a non-resident vendor of land in this state in the county where the land is, on order of publication, and where no specific acts or covenants are required to be performed by the vendor other than the execution of a deed conveying the legal title, the court may grant relief by a decree, in the nature of a decree *in rem* appointing a special commissioner to covey the legal title." The Court said at page 753 of the opinion in the last-mentioned case: "In view of this statute [Sec. 4, Chapter 132, supra] the court had the power to appoint a commissioner to convey the title as effectually and completely as defendant himself could have done." In the case of *Ohio Finance Co. v. Manmington Window Glass Co.*, 86 W. Va. 322, 103 S.E. 333 involving a suit by a creditor seeking (1) the establishment of the creditor's claims, and (2) the setting aside of certain conveyances alleged to be in fraud of the creditor's rights and subjecting to sale the property to satisfy the alleged indebtedness, this Court decreed that plaintiff was entitled to recover certain of his claims, and that the property alleged to have been fraudulently conveyed be subjected to the satisfaction thereof by sale. The nonresident defendants in that case were impleaded under an executed order of publication. That case, however, does not strictly involve a suit to set aside fraudulent conveyances upon constructive service as to nonresident defendants. It involves a suit primarily for the purpose of establishing a creditor's claims and, incidentally, to have set aside conveyances alleged to have been made in fraud of those claims. The suit, therefore, was in the main a creditor's suit, in which a court may enter a decree *in rem* or in the nature of *in rem*, as to property of nonresidents who have been served constructively. 14 Am. Jur., Creditor's Bills, Section 104. We think, however, the foregoing West Virginia cases furnish ample authority for the holding that, as to real property situate within its jurisdiction, a circuit court may set aside allegedly fraudulent conveyances as against nonresidents who have been served constructively under an order of publication.

Courts of other jurisdictions have held that a court of equity has jurisdiction to set aside on the ground of fraud, conveyances of land lying within the jurisdiction of the court as against nonresident defendants upon whom only constructive service by an order of publication has been had. In *Foster v. Allison Corp., et al.,* 191 N. C., 166, 131 S. E. 648, the plaintiff brought an "action" to set aside certain conveyances of land on the ground of fraud. The defendants were foreign corporations, had no actual notice of the suit, and were not served with personal process. Plaintiff caused summons to be issued against the defendants and an order of publication was executed as to them. In these circumstances, the Court held that the suit was "an equitable proceeding *in rem."* But in *Iron City Sav. Bank v. Isaacsen,* 158 Va. 609, 164 S. E. 520, the Court held that: "A suit brought by a creditor to set aside a conveyance of real or tangible property, or the assignment and transfer of intangible personal property, by his debtor to a third person on the ground that it was fraudulent as to creditors is primarily a suit *in personam."* That Court, however, qualified this statement by saying: "Where, however, the court has not acquired jurisdiction of all the parties necessary to an adjudication *in personam,* the suit becomes in its essential nature a proceeding *in rem;* and the court can not in such a case proceed unless it acquired control of the *res* by actual or constructive seizure thereof, or is by law given control thereof by virture of its location within the territorial limits to which its process may reach." The *Isaacsen* case involved a suit against nonresident defendants to set aside a purported assignment of shares of stock of nonresident corporations on the ground that it was fraudulent as to creditors. In that case the defendants being nonresidents and the shares of stock in controversy having a situs outside the jurisdiction of the court, the Court properly held that it had no jurisdiction to render a decree either *in personam* or *in rem.*

In an enlightening note, dealing with jurisdiction which rests upon constructive service in suits that may be regarded as *in rem* or *quasi in rem,* 126 A.L.R. 664-673,

inclusive, a number of cases are cited in support of the postulate that a suit to set aside a fraudulent conveyance of real property within the state may be instituted upon constructive service by publication against the alleged fraudulent grantor. *Evans v. Charles Scribner's Sons,* 58 F. 303; *Adams v. Cowles,* 95 Mo. 501, 8 S. W. 711, 6 Am. St. Rep. 74; *McLaughlin v. McCrory,* 55 Ark. 442, 18 S. W. 762, 29 Am. St. Rep. 56; *Continental Gin Co. v. Arnold,* 66 Okla. 132, 167 P. 613, L. R. A. 1918 B, 511. See also *Quarl v. Abbott,* 102 Ind. 233, 1 N. E. 476, 52 Am. St. Rep. 662. From a consideration of a rationale of the foregoing authorities, we are of opinion that the Circuit Court of Hancock County by virtue of the execution of the order of publication as to the nonresident defendants, and the practical provisions of Code, 55-12-7, empowering the court to appoint a commissioner to convey title, coupled with the situs of the land in Hancock County, gave that court jurisdiction of the subject matter of the former suit and the parties for the entry of a decree *in rem* or in the nature of a decree *in rem,* operating as to the property only.

We are greatly impressed with the public policy underlying the provisions of Code, 55-12-7, and the evident legislative intent to give the courts jurisdiction of land and property within the State as against nonresident defendants upon whom constructive process has been had by the execution of an order of publication. Our ideas concerning this matter are well expressed in Freeman on Judgments, 5th Ed., 3123. If, that authority reasons, the application of the general rule that the jurisdiction of a court cannot extend to persons not citizens or residents of the State or Nation in which the court is held, be applied without limitation or exception, it "would result in nonresidents owning or making claims to property within the state or nation, without giving its courts any authority to determine the claims made to such property, or enforcing liens against it, or coercing the payment out of it of the obligations of its owners to residents of the state or others. This difficulty has been met by characterizing proceedings

against nonresidents for the purpose of determining claims to or enforcing liens upon their property within the state, or of applying it to the payment of their debts, as quasi proceedings in rem."

It is further contended by plaintiffs that the plaintiffs in the first suit, the defendants herein, having been divested of their title by the deed of trust and the sale thereunder, could not properly maintain that suit because the first suit was one to remove cloud on title, and the plaintiffs therein having neither equitable nor legal title at the time that suit was brought, the decrees rendered therein are void under the holding of this Court in *Roberts v. Hickory Camp Coal & Coke Co.,* 58 W. Va. 276, 52 S. E., 182. But, as heretofore indicated, the bill of complaint sufficiently charges that the conveyances involved in the first suit were fraudulent. So, notwithstanding the inadvertent language in the special prayer of the first bill of complaint indicates that the plaintiffs in the first suit sought to have the conveyances set aside as clouds on title, the suit was, in fact, one to set aside conveyances on the ground of fraud.

Plaintiffs' third position is that the decrees sought to be set aside are void because George L. Bambrick, Trustee in the deed of trust, was not made a party defendant to the first suit. In that suit the holders of the legal title, who became such by virtue of the alleged fraudulent sale under the deed of trust, were made parties defendant. At the time the first suit was brought, Bambrick, Trustee, by virtue of the sale under the deed of trust, had no interest in the subject matter of the suit. He is neither charged nor chargeable with fraud, and no relief was or could have been asserted against him in that suit. In *Herzog v. Weiler,* 24 W. Va. 199, this Court held that the person through whom a fraudulent conveyance passed and who acted merely to promote the scheme to defraud creditors, has no legal or equitable interest in the property fraudulently conveyed, and is not a necessary party to a proceeding to set aside the conveyance. The *Herzog* case, as well as the instant case, is to be distinguished from *Pappenheimer v. Roberts,* 24 W. Va. 702, which is likewise a suit to set aside

alleged fraudulent conveyances. In the latter case this Court held that the alleged fraudulent vendee who had, since the conveyance, conveyed his land away, was entitled to have a day in court to defend his title. We think that the real parties in interest having been impleaded in the first suit under the order of publication, the absence of the trustee who, at the time the suit was brought, .did not hold any title, legal or equitable, to the property and personally had no warranty to defend, was not a necessary party to the suit, and therefore, the decrees in that suit were not void because of his absence as a party. In *Commonwealth Trust Co. of Pittsburgh v. Citizens' National Bank of Connellsville,* 99 W. Va. 166, 175, 128 S. E. 104, this Court held that a decree entered in a lien creditors' suit, in the absence of a trustee who had died and whose executrix was made a party defendant, was not subject to collateral attack, saying at page 175: "Even if the decree were erroneous in that respect, it would not be subject to collateral attack."

Finally, plaintiffs' counsel asserted in oral argument only that the time period provided by Code, 56-3-26, should not be applied to bar plaintiffs, for the reason that such provision of the statute does not apply to a suit in equity, in which the rights asserted are exclusively equitable. In answer to an inquiry made from the Bench whether counsel had any authority for this position, the Court was referred orally and in a general way to the cases cited in counsel's brief. The cases cited in plaintiffs' brief which might bear on the immediate question have been examined. None involves the applicability of Code, 56-3-26. The cases apparently relied on by counsel for plaintiffs involve statutes of limitation. As we understand the position of plaintiffs' counsel, they rely on the rule that where a court of equity has jurisdiction concurrent with a court of law, the former will follow the law and apply such statute of limitation as would be applicable if the right asserted in the equity court were being adjudicated in a court of law. However, where, as plaintiffs' counsel assert is the case before us, the jurisdiction of a court of equity

is exclusively equitable, there is no statute of limitation to apply, and delay is asserted as a bar to recovery, it must necessarily be interposed on the ground of laches, or estoppel, or some other equitable ground. With this position, we do not agree for the time provisions contained in Code, 56-3-26, do not constitute a statute of limitation. But the period of time, provided by the statute, is inherent in the right itself and part and parcel thereof, and where, as here, the prescribed time has elapsed, the right to a rehearing is not barred but by the very passage of time it has expired.

We think that Code, 56-3-26, and Code, 38-7-43, are applicable to the instant case. They provide the only remedy available to plaintiffs under the holding in *Vance v. Snyder, supra.* In *Johnson v. Ludwick, supra,* this Court at page 468 held that a petition for a rehearing, as provided by West Virginia Code, 1899, Chapter 124, Section 14, (Code, 1931, 56-3-26) must be filed *"In the manner and form provided* by section twenty five, chapter 106 [Code, 1931, 38-7-43], and not otherwise."

Plaintiffs' delay in bringing the instant suit four years and nine months after the entry of the decree sought to be set aside and two years and four months after plaintiffs admittedly obtained actual knowledge of the entry of the decrees, in our opinion, is not such a compliance with Code, 56-3-26, and Code, 38-7-43, as would warrant the relief sought herein. Whatever rights the plaintiffs may have had in the first instance to have the former suit reopened and reheard under the applicable statutes have expired with the lapse of time.

We, therefore, are of opinion that the circuit court erred in overruling defendants' demurrer to plaintiffs' bill of complaint.

*Ruling reversed.*