Joseph J. **DULING** and Charles C. Scott, Executors of the Last Will and Testament of Jack Marks, Deceased, Plaintiffs-Appellants,

v.

Louis R. **MARKUN** and Maple Road Village, Inc., a corporation, Defendants-Appellees.

No. 12097.

United States Court of Appeals Seventh Circuit.

Jan. 17, 1958.

John H. O'Hara, Indianapolis, Ind., William K. Bachelder, Chicago, Ill., for appellants, Knox, O'Hara & Krise, Indianapolis, Ind., Sidley, Austin, Burgess & Smith, Chicago, Ill., of counsel.

James M. Guiher, Clarksburg, W. Va., Donald A. Schabel, Indianapolis, Ind., for appellees, Steptoe & Johnson, Clarksburg, W. Va., Buschmann, Krieg, DeVault & Alexander, Indianapolis, Ind., of counsel.

Before DUFFY, Chief Judge, and MAJOR and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

This cause is here for the second time. Prior to the trial of the case the District Court granted defendants' motion for summary judgment. This Court reversed and remanded the case for a trial on the merits. Duling v. Markun, 231 F. 2d 833, certiorari denied Markun v. Duling, 352 U.S. 870, 77 S.Ct. 96, 1 L.Ed.2d 76. After a trial, the District Court found the issues favorable to plaintiffs. The Findings of Fact and Conclusions of Law are reported in 152 F.Supp. 683. Judgment was entered against both defendants.

A statement of the pertinent facts appears in our previous opinion. The facts are also adequately set forth in the Findings of the District Court. A further detailed statement of facts does not seem necessary in this opinion.

Briefly, Jack Marks was a resident of Clarksburg, West Virginia. Defendant Louis Markun was his nephew and resid-

ed in Indianapolis, Indiana. On August 28, 1950, Marks executed a check on his personal funds for $25,000.00 and on November 13, 1950 another check for $25,000.00 each payable to defendant Louis Markun. The checks were received by Markun and were promptly deposited by him in an Indianapolis bank. Markun had endorsed the checks and beneath his signature on each check appeared "for deposit only, Maple Road Village, Inc." Defendant Markun is the president and a director of Maple Road Village, Inc., and he, his wife and son own all of the stock of the corporation.

Jack Marks died July 27, 1952. During a period commencing September 29, 1950, defendant Markun had repaid to Marks the sum of $10,500.00, consisting of two payments of $250.00 each, received respectively on September 29, 1950 and November 1, 1950, and thereafter twenty monthly payments of $500.00 each, beginning in December, 1950 and ending July, 1952. All such payments were made by checks drawn on the account of defendant Maple Road Village, Inc.; twenty of the checks were signed by defendant Markun, and two by Markun's wife. Twenty of the checks contained a notation that they were in payment of "interest." On the books of Jack Marks the twenty-two payments were listed as payments of interest. Also, in Marks' income tax returns such payments were listed as "income from interest."

The District Court made the following finding [152 F.Supp. 689]: "13. The evidence shows that up to the time of his death, the decedent Jack Marks treated the $50,000 transaction as giving rise to an interest bearing debt. Likewise, in his last will and testament, executed in January, 1952, Jack Marks described the $50,000 in paragraph Sixth of his will, as construed and interpreted by the West Virginia Court, as being a debt 'due my estate from my nephew Lewis R. Markun.'" The Court also found that until after the death of Jack Marks, defendants treated the $50,000 transaction as giving rise to an interest bearing debt due to Jack Marks.

Prior to oral argument in this Court plaintiffs moved to dismiss this appeal as frivolous. The motion was denied without prejudice to renew same at the time of oral argument. The motion to dismiss has been renewed. We deny the motion.

■ On this appeal defendants seek to argue once more that the bar of the Indiana Dead Man's Statute (Burns' Ind. Stats.Anno. (1946 Repl.) § 2–1715 et. seq.) is not effective and has been waived by plaintiffs because plaintiffs took the deposition of defendant Markun as part of a pre-trial discovery proceeding under the Federal Rules of Civil Procedure, rule 26 et seq., 28 U.S.C.A. We considered this contention in our previous opinion. We decided that under the circumstances of this case, there was no waiver by plaintiffs of the bar of the statute. We think the trial court properly excluded testimony of Markun and his wife. No further discussion on this point is required here except to say that we adhere to our previous decision that plaintiffs did not waive the incompetency of Markun and his wife to testify.

■ Defendants again urge that paragraph Sixth of the will of Jack Marks shows that if a debtor-creditor relationship ever did exist, the provisions of that paragraph changed that relationship. The trial court followed the decision of the West Virginia Court which had jurisdiction of Jack Marks' will, and which construed the same. That Court found the language employed by the testator in paragraph Sixth described the $50,000 transaction as a debt of defendant Markun, and that there was nothing in the testator's language in the will which would convert such a debt into either a gift or an advancement. We hold there was no error on the part of the District Court in following the interpretation made previously thereto by the West Virginia Court.

■ Defendant Markun again makes the point that as he was served only by publication in the West Virginia will construction proceedings, he was not bound thereby and that the trial court

erred in following the construction of the will made by the West Virginia Court. There is no claim that defendant Markun did not know of the pendency of the West Virginia proceedings. In any event, he knew about such proceedings long before the expiration of the two-year period during which he had the absolute right to petition for a rehearing. W.Va.Code Ch. 56, Art. 3, § 26; and Ch. 38, Art. 7, § 43. State v. American Planograph Co., 96 W.Va. 574, 577, 123 S.E. 410; Cable v. Cable, 132 W.Va. 620, 53 S.E.2d 637. His right to directly challenge the decision of the West Virginia Court did not expire until August 6, 1957, which was subsequent to the date of the docketing of this appeal. Defendant Markun made no attempt to present his contention to that Court.

█ The Findings of the District Court as to defendant Louis R. Markun are supported by substantial evidence in this record. Certainly such findings are not clearly erroneous. The Conclusions of Law as to him are correct. Insofar as the judgment holds the defendant Louis R. Markun liable, it will be affirmed. However, whether Maple Road Village, Inc., the corporate defendant, is also liable, presents a closer question.

After defendant Markun had received the $50,000.00 from Jack Marks, he endorsed the checks over to the corporate defendant. Thereafter, twenty checks were executed by the corporation and forwarded directly to Marks, and these checks had a notation thereon that they were for "interest." The corporate defendant was a family affair. There is some showing that Markun owned but 14% of the stock. However, all of the stock was owned by him, his wife and his son. He was president, director, and apparently conducted the business of the corporation without too much consultation with the other stockholders.

The only evidence in the record to sustain the judgment against the corporate defendant is that the corporation did receive the benefit of the $50,000.00 which Marks had sent to Markun, and that thereafter monthly "interest" checks sent to Jack Marks were written on the bank account of the corporate defendant. In addition, plaintiffs claim that the records of the corporation might show that the corporation recognized or acknowledged the debt as its own, and that such records were in the possession and custody of the defendants. Plaintiffs argue that failure to produce material evidence justifies the inference that such evidence, if produced, would be adverse to the position of the defendants.

█ The burden of proof was upon the plaintiffs to establish a debtor-creditor relationship between decedent Jack Marks and the corporate defendant. They could have subpoenaed the books of the corporate defendant, but did not do so. There is no proof whatsoever that the corporation ever agreed or promised to pay the $50,000.00 to Jack Marks. The two checks were sent to defendant Markun. The fact that Markun turned the resulting funds over to the corporation did not change the relationship between Marks and Markun. There was nothing about that transaction which obligated the corporate defendant to pay the $50,000.00 to Marks.

On February 27, 1951, defendant Markun and wife executed a mortgage to Marks upon certain real estate owned by Markun in Marion County, Indiana. The mortgage secured an indebtedness of $50,000.00 described as being owed by Markun to Marks. Although the recital in the mortgage that the loan was evidenced by two $25,000.00 notes is not correct, the dates of the alleged notes conform almost exactly to the dates when Markun received the two $25,000.00 checks from Marks. There is no claim there was any other $50,000.00 transaction between Marks and Markun. The significance is that about three months after Markun received the second check, he referred to the indebtedness in the mortgage which he signed as being his indebtedness, and no mention was made of any joint or other liability on the part of the corporate defendant.

We hold that plaintiffs have not produced sufficient evidence to establish a debtor-creditor relationship between de-

cedent Jack Marks and the corporate defendant. It follows that the part of the judgment holding Maple Road Village, Inc. liable must be reversed.

Each party will pay his or its own printing costs in this Court. The other taxable costs will be paid by defendant Louis R. Markun.

Affirmed in part and reversed in part.